UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NYKA O'CONNOR,

    Plaintiff,

v.                                                                          Case No. 5:25-cv-204-TKW-MJF

HARDBOWER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On July 28, 2025, Nyka O'Connor submitted a filing to the United States District Court for the Middle District of Florida titled, "Notice of Intent to Sue." Doc. 1. The Middle District construed the filing as a civil-rights complaint and transferred the case to this District Court. The undersigned recommends that the District Court dismiss this case under 28 U.S.C. § 1915(g).

### I. Plaintiff's Complaint

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") housed at the Apalachee Correctional Institution. Doc. 1. Plaintiff is suing four prison officials at the Apalachee CI. Plaintiff

alleges that on May 25, 2025, Defendants threw his and other inmates' personal and legal property on the floor and damaged it. Doc. 1. Defendants' conduct caused Plaintiff emotional distress. Plaintiff's filing was not accompanied by the $405.00 filing fee or a motion for leave to proceed *in forma pauperis*.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner initiates the prisoner's lawsuit, and failure to do so warrants dismissal of the case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time the inmate initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner

alleges that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A. **Plaintiff Has Accrued At Least Three "Strikes"**

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice that Plaintiff filed the following civil actions while incarcerated in the FDC that were dismissed for failure to state a claim on which relief can be granted:

- *O'Connor v. State of Florida*, 3:06-cv-10-RV-MD (N.D. Fla. Mar. 29, 2006) (civil rights action dismissed for failure to state a claim because complaint's allegations and attachments showed that recovery was barred by affirmative defense of failure to exhaust administrative remedies).

- *O'Connor v. State of Florida*, No. 3:06-cv-45-RV-EMT (N.D. Fla. Sept. 22, 2006) (civil rights action dismissed for failure to state a claim because allegations failed to state a constitutional violation).

- *O'Connor v. FDOC*, No. 3:08-cv-357-LC-WCS (N.D. Fla. Feb. 20, 2009 (same).

Each case bears Plaintiff's FDC inmate number, "199579." The foregoing cases qualify as "strikes" under § 1915(g), because they are civil actions Plaintiff filed while incarcerated in the FDC that were dismissed for failure to state a claim.

Because Plaintiff has accrued at least three strikes, he may not litigate this case *in forma pauperis* and was required to pay the filing fee at case initiation, unless his allegations demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.     Plaintiff Fails to Satisfy the Imminent-Danger Exception**

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Plaintiff's allegations—that over two months ago the Defendants mishandled Plaintiff's property—do not establish that Plaintiff is in imminent danger of serious physical injury.

Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the

District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice under 28 U.S.C. § 1915(g).

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 8th day of August, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.**

*See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**